1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAMON WILLIAMS,<br>CDCR #AT-4629,<br><br>                              Plaintiff,<br><br>              vs.<br><br><br>JOHN CHAU, Physician; STEVEN<br>ROBERTS, Physician; MARY ANN<br>GLYNN, Physician; ROBERT WALKER,<br>Physician; J. LEWIS; JOHN DOES 1-10,<br><br>                              Defendants. | Case No.:  3:17-cv-00517-CAB-KSC<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>[ECF No. 4]**<br><br>**2)  DENYING MOTION FOR<br>PRELIMINARY INJUNCTION<br>[ECF No. 3]**<br><br>**AND**<br><br>**3)  DIRECTING U.S. MARSHAL TO<br>EFFECT SERVICE PURSUANT TO<br>28 U.S.C. § 1915(d) AND<br>Fed. R. Civ. P. 4(c)(3)** |
| --- | --- |

DAMON WILLIAMS (Plaintiff) is currently incarcerated at Richard J. Donovan Correctional Facility (RJD) in San Diego, California. He is proceeding pro se, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff claims his primary care physician and several RJD physicians assigned to review medical appeals, implement policies, authorize treatment, and provide medical

1

services at RJD, have violated the Eighth Amendment by failing to provide him with a lower tier-lower bunk chrono. (ECF No. 1 at 3, 8, 43-45.) Plaintiff claims that as a result of Defendants' deliberate indifference and negligence, he fell from his bunk on August 3, 2015, fractured the big toe on his right foot, and required surgery. (*Id.* at 48-50.) His Complaint seeks nominal, presumed, compensatory, and "mental and emotional" damages, as well as declaratory and injunctive relief. (*Id.* at 51-53.)

Plaintiff did not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF No. 4).

He has also filed a Motion for a Preliminary Injunction (ECF No. 3), seeking a "permanent lower bunk medical chrono." (*Id.* at 13.)

## I.      Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1    Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

2 "certified copy of the trust fund account statement (or institutional equivalent) for ... the

3 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

4 § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

5 trust account statement, the Court assesses an initial payment of 20% of (a) the average

6 monthly deposits in the account for the past six months, or (b) the average monthly

7 balance in the account for the past six months, whichever is greater, unless the prisoner

8 has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

9 custody of the prisoner then collects subsequent payments, assessed at 20% of the

10 preceding month's income, in any month in which his account exceeds $10, and forwards

11 those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

12 *Bruce*, 136 S. Ct. at 629.

13    In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate

14 Statement Report and a Prison Certificate signed by a RJD accounting officer attesting to

15 his balances and deposits over the 6-month period preceding the filing of his Complaint.

16 *See* ECF No. 5 at 1-2; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d

17 at 1119. These statements show that Plaintiff has had no money in his trust account for

18 the 6-months preceding the filing of this action, and that he had a zero balance at the time

19 of filing. *See* ECF No. 5 at 1-2. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event

20 shall a prisoner be prohibited from bringing a civil action or appealing a civil action or

21 criminal judgment for the reason that the prisoner has no assets and no means by which to

22 pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850

23 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a

24 prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available

25 to him when payment is ordered.").

26    Therefore, the Court grants Plaintiff's Motion to Proceed IFP (ECF No. 4),

27 declines to "exact" any initial filing fee because his trust account statement shows he "has

28 no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California

Department of Corrections and Rehabilitation (CDCR) to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening which the Court conducts *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds that while Plaintiff has not shown, for the reasons discussed below, that he is entitled to preliminary injunctive relief, his Complaint nevertheless contains factual content sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges Eighth Amendment claims which are plausible on its face. *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (prison officials' deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment); *Ramos v. Monteiro*, No. CV 06-0832-GAF (JTL), 2009 WL 1370998 at *14-*15 C.D. Cal. May 14, 2009) (finding that plaintiff had adequately alleged that, based on his medical condition, an upper bunk posed a substantial risk to his safety to support a claim of deliberate indifference); *Lewis v. Endell*, No. 2:08-cv-00157-RLH-PAL, 2008 WL 4866316 at *6 (D. Nev., Nov. 7, 2008) (finding, for qualified immunity purposes, that it was clearly established that failure to move an inmate with seizure disorder to a lower bunk for seven months was deliberate indifference) (citing *Estelle*, 429 U.S. at 99).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.    Motion for Preliminary Injunction**

Plaintiff also seeks a preliminary injunction requiring all "Defendants, their successors, agents, employees, and all persons acting in concert with them to provide

5

[him] with a low bunk medical chrono" on a "permanent" basis in order to prevent "further serious injury." (ECF No. 3 at 4, 13.)

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *Lathrop v. Unidentified, Wrecked & Abandoned Vessel*, 817 F. Supp. 953, 961 (M.D. Fl. 1993); *Kandlbinder v. Reagan*, 713 F. Supp. 337, 339 (W.D. Mo. 1989); *Suster v. Marshall*, 952 F. Supp. 693, 701 (N.D. Ohio 1996); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

Finally, the PLRA further requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

6

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

First, because Plaintiff's case is still in its preliminary screening stage, the United States Marshal has yet to effect service on his behalf, and Defendants have no actual notice. Therefore, the Court has no personal jurisdiction over any Defendant at this time. *See* FED. R. CIV. P. 65(d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28.

Second, even if the Court had personal jurisdiction over the entities or persons Plaintiff seeks to enjoin, he has failed to establish the imminent irreparable harm required to support a preliminary injunction. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. "The fact that plaintiff has met the pleading requirements allowing him to proceed with the complaint does not, ipso facto, entitle him to a preliminary injunction." *Claiborne v. Blauser*, No. CIV S-10-2427 LKK, 2011 WL 3875892, at *8 (E.D. Cal. Aug. 31, 2011), *report and recommendation adopted*, No. CIV S-10-2427 LKK, 2011 WL 4765000 (E.D. Cal. Sept. 29, 2011).

Instead, to meet the "irreparable harm" requirement, Plaintiff must do more than simply *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by

3:17-cv-00517-CAB-KSC

specific facts that there is a credible threat of immediate and irreparable harm. FED. R.
CIV. P. 65(b). Mere "[s]peculative injury does not constitute irreparable injury sufficient
to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674-75.

Plaintiff claims that because he fell from his bunk on August 3, 2015, he requires a
*permanent* medical chrono requiring a lower-tier, lower bunk assignment—otherwise he
will be "at risk of suffering another sufficiently serious injury." (ECF No. 3 at 8.)
Plaintiff also admits however, and his exhibits show, that he has been provided
"temporary lower bunk medical chronos" ever since he fell on August 3, 2015, and while
temporary, those chronos have been been renewed *six* separate times since. (ECF No. 3 at
7, Ex. F at 70-75.) Thus, while Plaintiff alleges his last medical accommodation "expired
on March 15, 2017," (ECF No. 3 at 7), his claims of future potential injury should he not
be issued a *permanent* lower bunk/lower tier chrono are merely speculative. *Caribbean
Marine*, 844 F.2d at 674-75; *Alliance for the Wild Rockies*, 632 F.3d at 1131. Irreparable
harm has been described as "[p]erhaps the single most important prerequisite for the
issuance of a preliminary injunction." *See* 11A Wright & Miller, FED. PRAC. & PROC.
§ 2948.1 (3d ed.). Indeed, where a plaintiff fails to demonstrate a likelihood of irreparable
harm without preliminary relief, the court need not address the remaining elements of the
preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166,
1174 (9th Cir. 2011).

Therefore, the Court finds Plaintiff has failed to establish either a likelihood of
success on the merits of his Eighth Amendment claims at this stage of the proceedings, *or*
the immediate or irreparable harm required to justify extraordinary injunctive relief.
*Lyons*, 461 U.S. at 102; *see also Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th
Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching
power never to be indulged in except in a case clearly warranting it."). His Motion for
Preliminary Injunction (ECF No. 3) is DENIED.

///

///

3:17-cv-00517-CAB-KSC

## IV. Conclusion and Order

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 3);

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant.[2] In addition, the Clerk will provide Plaintiff with a certified copy of

---

[2] Plaintiff lists "John Does 1-10" as additional Defendants in the caption of his Complaint (ECF No. 1 at 1), and claims he is "ignorant of the[ir] true names and capacities," but that they are "responsible in some manner for the damages and injuries herein complained of." (*Id.* at 13). He must, of course, identify these purported parties by their true names and substitute those individual persons in place of each unnamed Doe by amending his Complaint to identify each of them before the United States Marshal will be able to execute service upon any of them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss

3:17-cv-00517-CAB-KSC

this Order, a certified copy of his Complaint and the summons so that he may serve the named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

7. **ORDERS** the named and served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document

---

Plaintiff's claims against the John Does 1-10 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

1  submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must

2  include with every original document he seeks to file with the Clerk of the Court, a

3  certificate stating the manner in which a true and correct copy of that document has been

4  was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL.

5  CIVLR 5.2. Any document received by the Court which has not been properly filed with

6  the Clerk or which fails to include a Certificate of Service upon Defendants may be

7  disregarded.

8      **IT IS SO ORDERED**.

9  Dated:  June 23, 2017

10

11                          Hon. Cathy Ann Bencivengo
                        United States District Judge