FILED
MAY 15 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON WILLIAMS,<br><br>               Plaintiff,<br>v.<br>J. CHAU, et al.,<br><br>               Defendants. | Case No.: 17cv517-CAB(KSC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF A NEUTRAL EXPERT**<br><br>**[Doc. No. 36.]** |

Plaintiff Damon Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that prison officials were deliberately indifferent to his health and safety. [Doc. No. 1.] Before the Court is plaintiff's Request for Appointment of a Neutral Medical Expert. [Doc. No. 36.] For the reasons outlined more fully below, the Court finds that plaintiff's request for the appointment of a medical expert must be DENIED. [Doc. No. 36.]

### *Background*

The Complaint alleges that defendants were deliberately indifferent to plaintiff's safety and serious medical needs, because they refused to give him a "permanent lower bunk chrono" even though he made several requests and even though they knew he had experienced chest pain, dizziness, and a fracture to his foot while going up and down

1

from an upper bunk. [Doc. No. 1, at pp. 35-49.] Plaintiff seeks monetary damages and injunctive relief (*i.e.*, an order requiring defendants to provide him with a permanent "lower bunk chrono"). [Doc. No. 1, at pp. 1-2; 51-53.]

### *Discussion*

Plaintiff requests that the Court appoint a "neutral" medical expert to prepare a report that "will promote accurate fact finding" as to his deliberate indifference claims under the Eighth Amendment. [Doc. No. 36, at p. 1.] In support of this request, plaintiff states that the District Court "must" consider appointing a neutral medical expert, because he cannot afford one as an indigent prisoner, and because his case is "legally complex" and involves "legally complex medical facts." [Doc. No. 36, at pp. 1, 3.] Plaintiff also believes that appointment of a neutral medical expert is necessary to understand "the medical facts in dispute." [Doc. No. 36, at p. 1.] He contends that the case "will turn on complex medical question[s] of competing treatment regimens and causation" and is likely to require expert testimony. [Doc. No. 36, a pp. 3-4.]

The Eighth Amendment, which prohibits "cruel and unusual punishment," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993). "However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-937 (9th Cir. 1996). The U.S. Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

To assert a claim under the Eighth Amendment for the deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the objective requirement, the plaintiff must allege a deprivation or risk that is "sufficiently serious." *Id.* "[A] prison official's acts or omissions must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* The risk that the prisoner complains of

must be "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling*, 509 U.S. at 36 (emphasis in original).

The subjective requirement relates to the state of mind of prison officials because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 834. Facts alleged must be enough to show "deliberate indifference" to the health or safety of an inmate. *Id.* "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed.R.Evid. 702(a). The *in forma pauperis* statute, Title 28, United States Code, Section 1915, does not authorize the expenditure of public funds for expert witnesses. 28 U.S.C. § 1915. However, under Federal Rule of Evidence 706, a District Court does have discretion to appoint an expert witness on its own motion or on the motion of any party. Fed.R.Civ.P. 706(a). In addition, Federal Rule of Evidence 706 specifies the means for compensating an appointed expert. A court-appointed expert "is entitled to a reasonable compensation, as set by the court . . . payable . . . by the parties in the proportion . . . that the court directs– and the compensation is then charged like other costs." Fed.R.Civ.P. 706(c)(2). Thus, a District Court may in its discretion apportion all costs of an appointed expert to one side in an appropriate case. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *overruled on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991).

Rule 706 "only allows a court to appoint a neutral expert." *Gorton v. Todd*, 793 F.Supp.2d 1171, 1177 (E.D. Cal. 2011). In other words, a party may not seek

appointment of an expert witness by the Court "for his own benefit. . . ." *Id.* at 1177 n.6. "Expert witnesses are rarely appointed under Rule 706 because the adversary system is usually sufficient to promote accurate factfinding." *Id.* at 1182. However, a District Court "should consider appointing expert witnesses when, through the course of litigation, it becomes apparent that unbiased expert testimony will aid the trier of fact in making an accurate factual determination. . ." on a central issue in the case. *Id.* at 1182 n.10. "The Rule is drafted to avoid [the] situation where the only reason why a case would not proceed to trial is the presence or absence of an expert witness rather than the merits of a plaintiff's claim." *Id.* at 1181 n.9.

For example, it would be appropriate for a District Court to appoint an expert "to avoid a wholly one-sided presentation of opinions" when an indigent prisoner plaintiff raises a complex and potentially viable claim of deliberate indifference to a serious medical need, but cannot, despite diligence, obtain a medical expert to present evidence of the appropriate standard of care. *Id.* at 1179-1186. Appointment of a neutral expert would also be appropriate when a material issue in the case requires consideration of complex scientific evidence. *Id.* at 1179.

On the other hand, a jury in the usual case can evaluate whether prison officials were deliberately indifferent without the aid of an expert. *Id.* at 1180. "[D]eliberate indifference" does not typically "demand that the jury consider probing, complex questions" that would require the assistance of an expert with specialized knowledge. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). "[W]hether a prison official acted with deliberate indifference depends on that official's state of mind," so an expert would not be able to testify that a prison official was "deliberately indifferent" without giving "a false impression" that the expert knows the answer, when it is the trier of fact that must decide the issue. *Woods v. Lecureaux*, 110 F.3d 1215, 1221 (6th Cir. 1997). Nor is there any requirement that a prisoner plaintiff present expert testimony in order to prevail on a constitutional claim under Section 1983. *McCabe v. Prison Health Services*, 117 F.Supp.2d 443, 451-452 (E.D. Pa. 1997) (acknowledging that expert

testimony could be necessary on the issue of severity of a medical need if the trier of fact would not be able to decide whether a medical condition is "serious" enough to implicate the Eighth Amendment but stating that "[n]o expert needs to tell a layperson that four years of suffering from chronic and severe leg pain is serious").

Based on the allegations in the Complaint and the supporting documentation attached thereto, the "medical facts of this case" are not complex as plaintiff contends. [Doc. No. 36, at p. 1.] Although it is unclear based on plaintiff's moving papers, it appears he may be seeking the appointment of an expert to aid in preparing a report because he believes the report would support his version of the "medical facts" of the case. [Doc. No. 36, at p. 1.] As outlined above, plaintiff is not entitled to a Court-appointed expert to advocate his case.

Thus far, there is also nothing to indicate that testimony by a medical expert is needed to make an accurate factual determination on a key issue in the case. At this time, there are no substantive matters being considered by the Court. In other words, there is no dispositive motion, such as a motion for summary judgment, that would require the Court to consider the "medical facts of the case." [Doc. No. 36, at p. 1.] Based on the current Scheduling Order, the deadline for filing any such motion is October 14, 2019, and the final Pretrial Conference is not scheduled to be held until February 14, 2020. [Doc. No. 33, at p. 3.] Nor is there anything thus far to indicate that the allegations in the Complaint would raise "probing, complex questions" or "consideration of complex scientific evidence." *Ledford v. Sullivan*, 105 F.3d at 359. Rather, the factual allegations raised in the Complaint, if proved, do not appear to be so complex that they are beyond a lay person's grasp. Therefore, the Court finds that plaintiff's request for the appointment of a medical expert witness must be DENIED at this time. However, this decision is without prejudice to another request by plaintiff at a point in the litigation where evidence is being evaluated if plaintiff can show that testimony by a neutral medical expert is necessary for the trier of fact to comprehend a material issue in the case. *See, e.g., Gorton v. Todd*, 105 F.3d at 1185.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Request for a Appointment of a Neutral Expert is DENIED without prejudice. Plaintiff may renew his request at some later time in the proceeding if it becomes apparent in the context of a dispositive motion or in connection with matters to be presented to a jury at trial that testimony by a neutral medical expert would aid the trier of fact in resolving a central issue in the case.

IT IS SO ORDERED.

Dated: May 15, 2019

Hon. Karen S. Crawford
United States Magistrate Judge