UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. CHAU, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  3:17-cv-00517-CAB-KSC<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT [Doc. No. 64]** |

　　　Pending before the Court is Plaintiff's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e).  [Doc. No. 64.]  For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

　　　On October 14, 2019, Defendants filed a motion for summary judgment.  [Doc. No. 45.]  On January 10, 2020, Plaintiff filed an opposition.  [Doc. No. 54.]  On February 21, 2020, Defendants filed a reply.  [Doc. No. 58.]  On March 16, 2020, this Court issued an order granting Defendants' motion for summary judgment [Doc. No. 60], and judgment was entered accordingly.  [Doc. No. 61.]

　　　On April 7, 2020, Plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e).  [Doc. No. 64.]  On May 7, 2020, Defendant filed an opposition.  [Doc. No. 66.]  On July 6, 2020, Plaintiff filed a reply.  [Doc. No. 69.]

# DISCUSSION

A. Legal Standard.

Federal Rule of Civil Procedure 59 provides that after entry of judgment, a party may file a motion to alter or amend the judgment. Fed.R.Civ.P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*. "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co*., No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.). In other words, a Rule 59(e) motion does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001); *see also Keweenaw Bay Indian Cmty. v. State of Mich*., 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc*., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citation omitted). Ultimately, "[t]here is no requirement that reasons be stated for the denial of a

motion for reconsideration under Rule 59(e)." *Briddle v. Scott*, 63 F.3d 364, 381 (5th Cir. 1995).

B.  Analysis.

Here, Plaintiff does not identify any change in controlling authority or new evidence.  Rather, he merely rehashes arguments he presented in the underlying motion for summary judgment.  Plaintiff asks the Court to reconsider its decision to grant summary judgment to Dr. Chau on Plaintiff's claim that Dr. Chau violated the Eight Amendment by not prescribing Plaintiff a lower bunk before August 2015.  Plaintiff states four grounds for his motion:

(1) The Court did not consider prior to August 3, 2015 once def. , was advised "going up or down on His assigned top bunk caused heartpain then dizziness." At that point Defendant should have knew there was and excessive risk to plaintiff safety if He became dizzy then faint while going up or down on his bunk and suffering a serious injury.  Also how defendant disregarded the excessive risk to Plaintiff safety by stating "plaintiff complaint about His serious medical condition "was likely a secondary gain for LT/LB chrono". [see OPP. PGS. 24:25-25:4, and ATTACHED EXHIBIT:A].
(2)  Due to Defenadnt Chau conscsious disregard of the excessive risk to plaintiff's safety On August 3, 2015 when Plaintiff became dizzy fainted then fail from His topbunk He suffered a serious injury and "unnecessary and wanton infliction of pain".
(3) Plaintiff did not have an opportunity to present Medical Evidence to prove Defendant Chau opinion of plaintiff EKG's was inaccurate due to defendant Chau opinion of plaintiff EKG's was inaccurate due to defendant Chau no being a Cardiologist ultimately making Chau a lay witness of the heart. Defendant Chau Stated "Plaintiff's abnormal EKG as compatible with hypertensive changes".
(4) In light of the specific contours of this case Plaintiff should be given the benefit of being an inmate who proceeds ProSe and the factual allegations "however inartfully pleaded" should be held to less stringent standards than formal pleading drafted by lawyers.

[Doc. No. 64 at 2.]

Grounds 1 – 3 were all presented by Plaintiff in his opposition to the summary

judgment motion. [*See* Doc. No. 1-2 at 18; Doc. No. 54 at 7, 9, 10, 24-25.][1] While Plaintiff may disagree with this Court's order granting Defendant's motion for summary judgment, all of these arguments and evidence were previously considered by the Court and, therefore, cannot be the basis for relief under Rule 59.

As for Ground 4, Plaintiff appears to set forth a proposition that, on a motion to dismiss, pro se plaintiffs should be held to less stringent pleading standards. *See e.g. Hebbe v. Pliler*, 627 F.3d 338, 341-342 (9th Cir. 2010). However, that is not the legal standard for a motion for summary judgment; rather, parties opposing summary judgment motions are obligated to set forth all evidence that could present a triable issue of fact. F.R.C.P. Rule 56(c); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994). Plaintiff presented no such evidence and, therefore, summary judgment was properly granted for Defendant.

## CONCLUSION

For the reasons set forth above, the motion to alter judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 10, 2020

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] In his reply to this motion, Plaintiff acknowledges that he presented all of this evidence previously when he argues that "this Honorable Court overlooked crucial facts presented as evidence by way of exhibits in his opposition to defendant's motion for summary judgment . . ." [Doc. No. 69 at 3.] All previously submitted evidence was reviewed and considered.